IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ROBERT TROY McCLURE | § | |
| v. | § | CIVIL ACTION NO. 5:12cv56 |
| BRAD LIVINGSTON, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Robert McClure, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. McClure names a number of defendants, including TDCJ Executive Director Brad Livingston, TDCJ-CID Director Rick Thaler, and a host of prison officials at the Telford Unit.

McClure states in his lawsuit that in October of 2011, the Office of the Inspector General forced two other inmates to make statements concerning an assault upon McClure. They refused, and one of the inmates lost his custody level. McClure stated that the Office of the Inspector General blamed him, although it is not clear for what, and the inmate who lost his custody level "put out a hit" on him. McClure filed life endangerment complaints but states that these were "ignored."

McClure filed a lawsuit in September of 2011 against most of the defendants named in this case.[1] The next month, one of the defendants, Captain Gooden, threatened him. He filed another life endangerment request but this one was "covered up."

---

[1] *See* McClure v. Livingston, civil action no. 5:11cv180 (E.D.Tex., dismissed July 13, 2012). McClure did not appeal the dismissal of this case, but sought mandamus relief in the Fifth Circuit concerning the actions of the district court, which petition for mandamus relief was denied.

1

On December 30, 2011, the defendants conspired to deprive McClure of water for 24 hours, and he passed out, hitting his head. He was revived by the medical department but his life endangerment requests were not processed. McClure contends that the gangs in administrative segregation "had orders to kill him." On February 1, 2012, he was "extorted," but defendant Kelly May, the safe prisons supervisor, refused to help him. He wrote to a number of prison officials, but on February 3, he was told by a classification official that "they would not protect him." He gave a death threat note to the unit classification committee but nothing was done.

On February 12, 2012, McClure was assaulted by other inmates while handcuffed. He states that prison officials "opened cells knowing they housed the gang members who just extorted me." Officer Bagby stood by and allowed the assault to go on for 10 minutes without intervening; she did not use her pepper spray to protect him and was "out of uniform" because she did not have her riot stick. Officer Norman was in the picket. In April of 2012, McClure was transferred to the Wynne Unit in Huntsville. He filed this lawsuit on May 31, 2012.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that McClure had previously filed at least three lawsuits or appeals which had been dismissed as frivolous or for failure to state a claim upon which relief could be granted, rendering him subject to the three-strikes bar of 28 U.S.C. §1915(g). This statute provides that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The Fifth Circuit has held that the statutory "imminent danger" exception applies at the time that the plaintiff seeks to file his complaint or notice of appeal *in forma pauperis*. Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) (imminent danger exception applies at the time that the plaintiff seeks to file his complaint or notice of appeal *in forma pauperis*). In order to meet the imminent danger requirement of §1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 352

2

F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to "a genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001). In that case, the Third Circuit rejected a claim that allegations of having been sprayed with pepper spray, combined with a claim that prison officials engaged in "continuing harassment, plots to hurt or kill him, and other forms of retaliation," sufficiently alleged imminent danger.

In addition, vague and conclusory allegations of imminent danger are insufficient to trigger the exception to §1915(g). *See* Hyder v. Obama, civil action no. 5:11cv26, 2011 WL 1113496 (E.D. Tex., March 24, 2011, no appeal taken); Valdez v. Bush, civil action no. 3:08cv1481, 2008 WL 4710808 (S.D.Tex., October 24, 2008); Ruston v. Dallas County, Texas, civil action no. 3:04cv1691, 2004 WL 2512232 (N.D. Tex., December 9, 2004, no appeal taken). The mere recitation of the phrase "imminent danger" or "my life is in danger" does not invoke the exception to Section 1915(g).

The Magistrate Judge determined that McClure failed to show that he faced a genuine emergency where time is pressing as of the time of the filing of the lawsuit, but that he complained of incidents occurring months before the lawsuit was filed, at a prison unit hundreds of miles away from his location at the time that the case was filed. Thus, the Magistrate Judge concluded, McClure had failed to show that he was in imminent danger at the time of the filing of the complaint with respect to the claims alleged in the complaint. The Magistrate Judge therefore recommended that the lawsuit be dismissed, but with a reasonable period of time for McClure to pay the filing fee and proceed with his lawsuit.

McClure filed objections to the Magistrate Judge's Report on September 20, 2012. In his objections, McClure states that he filed an affidavit showing that he is still in imminent danger because gang members have recognized him from his time at the Telford Unit and that he was

assaulted by gang members on May 30, 2012. He complains that the Magistrate Judge in the past has made "baseless allegations that McClure committed perjury." McClure claims that the Magistrate Judge has "failed to address the real and imminent danger McClure faces every day" and has violated rules of procedure by failing to take his well-pleaded complaints as true.

McClure argues that "time is pressing" because the gangs have a "smash on sight" order on him. He states that he has filed a motion asking that the Magistrate Judge recuse herself and states that he submitted an affidavit showing that his life is in danger. He also attaches exhibits to his objections, including a death threat note.

The salient fact about McClure's complaint, as observed by the Magistrate Judge, is that while he argues that he is in imminent danger at the time that the complaint was filed, he does not show that this danger was related to the incidents in his complaint. McClure concedes that he was moved away from the Telford Unit over a month before his complaint was filed, and he fails to show that whatever happened to him at the Wynne Unit in May of 2012 was directly related to the incidents at the Telford Unit several months earlier, which form the basis of this lawsuit.

In Judd v. Federal Elections Commission, 311 Fed.Appx. 730, 2009 WL 423966 (5th Cir., February 20, 2009), the prisoner argued that he was in imminent danger of serious physical injury from a hernia and from prison gang members as an exception for 28 U.S.C. §1915(g); the Fifth Circuit rejected this assertion, stating that "although it may be true that Judd is now under such a threat both from his medical condition and fellow prisoners, neither of those threats is related to his complaint." Similarly, in Quick v. Anderson, civil action no. 3:06cv2096. 2006 WL 3626968 (N.D.Tex., December 13, 2006, no appeal taken), the Northern District of Texas stated as follows:

> All of the plaintiff's claims arise out of the conditions of his confinement at the Hunt County Jail. However, plaintiff was transferred to the Stiles Unit of the TDCJ-ID before this lawsuit was filed. Because he is no longer incarcerated at the Hunt County Jail, plaintiff is not under "imminent danger of serious physical injury" with respect to the claims alleged in his complaint. Plaintiff is therefore barred from proceeding *in forma pauperis* [under 28 U.S.C. §1915(g)].

In the present case, all of McClure's claims arose at the Telford Unit of TDCJ. He is no longer incarcerated there and was not there at the time that the lawsuit was filed. McClure makes

4

no showing that the danger he allegedly faces at the Wynne Unit is related to the claims presented in his lawsuit concerning the conditions of confinement at the Telford Unit. If officials at the Wynne Unit are refusing to protect him, thus placing him in imminent danger, McClure may have viable claims against these officials at the Wynne Unit; the Court offers no opinion as to the merits of any such claims. He has failed to show that the alleged "imminent danger" which he claimed to be facing at the time of the filing of his complaint is related to the allegations which he makes in his lawsuit.[2] McClure's objections are without merit.

McClure also filed a motion seeking recusal of the Magistrate Judge, complaining of "extreme bias, slander, and habitual delays in ruling upon McClure's timely filed complaint and denial of due process of law that is putting McClure under extreme risk of imminent danger of serious physical injury or death." This motion was denied on October 11, 2012, because McClure did not file an affidavit of bias and his motion plainly failed to set forth facts which would convince a reasonable person that the Magistrate Judge is biased or that any bias is personal rather than judicial in nature. McClure's recusal motion fails to state any valid basis for the setting aside of the Magistrate Judge's Report, and the denial of this motion was correct.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

---

[2]This Court has previously rejected "blanket exception" theories, under which inmates could claim that they were in "imminent danger" at all times and under all circumstances, thus effectively exempting themselves from the operation of §1915(g). *See, e.g.*, Calton v. Wright, civil action no. 6:12cv344, 2012 WL 3135682 (E.D.Tex., June 29, 2012), *Report adopted at* 2012 WL 3135675 (E.D.Tex., August 1, 2012, appeal dismissed), *citing* Abdul-Akbar, 239 F.3d at 315; Althouse v. Murray, civil action no. 6:11cv608, 2011 WL 7403058 (E.D.Tex., November 18, 2011, *Report adopted by* 2012 WL 555411 (E.D.Tex., Feb. 17, 2012, appeal dismissed). To the extent that McClure argues that he is in on-going "imminent danger" which provides him with a blanket exception to the statute, this contention is without merit.

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 4) is ADOPTED as the opinion of the District Court. The order denying McClure's motion to recuse is also adopted as the opinion of the District Court. It is further

ORDERED that the Plaintiff's application for leave to proceed *in forma pauperis* (docket no. 2) is hereby DENIED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the statutory $350.00 filing fee. It is further

ORDERED that should the Plaintiff pay the full filing fee within 15 days after the date of entry of final judgment in this case, he shall be allowed to proceed in the lawsuit as through the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 29th day of November, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE